[801 NYS2d 579]

In the Matter of SOPHIA A. SEDLIS (Admitted as SOPHIA ANNA SEDLIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Mischel, Neuman & Horn* (*Richard Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Sophia A. Sedlis was admitted to the practice of law in the State of New York by the First Judicial Department on October 18, 1993, under the name Sophia Anna Sedlis. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent has submitted her resignation. The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation and striking her name from the roll of attorneys admitted to practice law in the State of New York.

Respondent's affidavit of resignation, dated June 9, 2005, fully conforms to the requirements of 22 NYCRR 603.11. She acknowledges that there is a pending disciplinary investigation against her, centering around her escrow account, which she closed in 1999. Respondent submitted her bank records to the Committee, which show that during 1998-1999, she allowed nonattorneys working in her office to make deposits and withdrawals from her escrow account without her oversight. She acknowledges that it was her duty to safeguard these funds, and that she is responsible for their misappropriation. While re-

spondent was unaware of, and did not personally benefit from the misconduct, the Committee's accounting reveals that approximately $171,887.70 was disbursed from the account, an amount in excess of the deposits made during the time period in question.

Respondent acknowledges that if formal disciplinary charges were brought against her, she could not successfully defend herself. She also sets forth that her resignation is freely and voluntarily rendered, she is not being subject to coercion or duress, she is represented by counsel and has consulted with him as to her resignation, and is aware of the implications of submitting her resignation. Respondent states that she has closed her office, does not have any of her own clients, and is currently working on a per diem basis. The Committee adds that there are no outstanding claims against the respondent and there are currently no claims against her pending before the Lawyers' Fund for Client Protection.

Accordingly, as the proffered resignation complies with all pertinent Court rules, the motion should be granted, respondent's resignation accepted, and her name stricken from the roll of attorneys and counselors at law in the State of New York.

BUCKLEY, P.J., TOM, MAZZARELLI, SAXE and FRIEDMAN, JJ., concur.

Respondent's resignation accepted and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 9, 2005.